

21-2-01369-34
CMP            2
Complaint
10804369

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
08/09/2021 8:02:51 AM
Linda Myhre Enlow
Thurston County Clerk

## STATE OF WASHINGTON
### THURSTON COUNTY SUPERIOR COURT

EVGENIY GOUSSEV and STACY RITCH, individually and on behalf of all others similarly situated,

    *Plaintiffs*,

v.

TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation,

    *Defendant.*

21-2-01369-34

CLASS ACTION COMPLAINT

Plaintiffs Evgeniy Goussev ("Goussev") and Stacy Ritch ("Ritch," and collectively "Plaintiffs"), individually and on behalf of all others similarly situated, allege the following based upon personal knowledge as to Plaintiffs and Plaintiffs' own acts, and upon information and belief as to all other allegations, based on investigation of counsel. This investigation included, *inter alia*, a review of public documents prepared by Defendant, media reports, and other information concerning Defendant. The investigation of the facts pertaining to this case is continuing. Plaintiffs believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### I. INTRODUCTION

1. This class action suit seeks statutory damages for violations of the Washington Privacy Act, Chapter 9.73 RCW (hereafter the "WPA" or the "Act"), which forbids any entity in

CLASS ACTION COMPLAINT AND JURY DEMAND - 1

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Washington from intercepting or recording any private communication without first obtaining the consent of all the participants in the communication.[1]

2. Because Defendant has violated the WPA, it is liable for liquidated damages computed at the rate of one hundred dollars per day for each day of violation, not to exceed one thousand dollars per Plaintiff and absent class member, and a reasonable attorneys' fee and other costs of litigation.

3. Plaintiffs are also entitled to declaratory and injunctive relief that Defendant has violated the WPA, and enjoining further violations.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this lawsuit and over the parties to the lawsuit.

5. Venue is proper in this Court pursuant to RCW 4.12.025 because Defendant resides in this county.

## III. PARTIES

6. Plaintiff Goussev is now, and at all times relevant to this Complaint has been, a Washington resident.

7. Plaintiff Ritch is now, and at all times relevant to this Complaint has been, a Washington resident.

8. Defendant Toyota Motor Sales, U.S.A., Inc. is a wholly-owned subsidiary of Toyota Motor Corporation, a publicly held Japanese automotive manufacturer headquartered in Toyota City, Japan. Assisted by its subsidiaries and affiliates worldwide, Toyota Motor Corporation designs, manufactures, assembles, and sells "Toyota" and "Lexus" brand

---

[1] As described below, Plaintiffs seek to represent a class consisting of: *"All persons, who in the three years prior to the date of filing this Complaint, had their text messages recorded by the infotainment system in a Toyota vehicle (Toyota or Lexus) while a resident of the State of Washington."*

vehicles. Together herein, these vehicles are referred to as "Toyota vehicles" or "vehicles manufactured by Toyota."

9. Toyota Motor Sales, U.S.A., Inc. (hereafter, "Toyota") is headquartered in Plano, Texas, and is responsible for the marketing, sales, and distribution in the United States of Toyota vehicles.

## IV.  FACTS

### A. Toyota vehicle infotainment systems.

10. Modern vehicles, including those built by Toyota, contain "infotainment systems."

11. Infotainment systems in Toyota vehicles include methods for the system to connect to a smartphone, both by USB and by Bluetooth.

12. Once a smartphone is connected to the infotainment system in a Toyota vehicle, the system offers additional apps and functionality native to the smartphone but controlled and accessed through the infotainment system controls rather than through the smartphone.

13. These can include, for example, the ability to play music stored on or streamed through the smartphone through the vehicle's speakers, and to use the smartphone's satellite navigation software through the infotainment system screen and vehicle speakers for turn-by-turn directions.

14. Infotainment systems in Toyota vehicles also include the ability to make and receive telephone calls on a connected smartphone, using the vehicle microphone and speakers and thereby operating hands-free.

15. At all relevant times, infotainment systems in Toyota vehicles also interface with the smartphone's text messaging system.

16. The interface of infotainment systems in Toyota vehicles is designed to work specifically with at least the two major smartphone operating systems: CarPlay for Apple smartphones (iPhones) and Android Auto for Android smartphones.

17. On information and belief, infotainment systems in Toyota vehicles manufactured from at least 2014 onward also download and store a copy of all text messages on smartphones when connected to Toyota's infotainment systems.

18. On information and belief, third party Berla Corporation ("Berla"), based in Annapolis, Maryland, manufactures equipment (hardware and software) capable of extracting stored text messages from infotainment systems in Toyota vehicles.

19. On information and belief, the Berla system is not generally available to the general public.

20. Berla states that "Our vehicle forensics tools are available to law enforcement, military, civil and regulatory agencies, and select private industry organizations."[2]

21. On information and belief, infotainment systems in Toyota vehicles automatically download a copy of every text message stored on any phone connected to the system and stores that copy in computer memory on the vehicle in such a manner that the vehicle owner cannot access it.

22. However, according to Berla, while a vehicle owner cannot retrieve that text message, Berla and Toyota have ensured that law enforcement can.

23. According to a 2017 report in CyberScoop, Ben LeMere, the CEO and founder of Berla, bragged in 2014 that "We've been working directly with the [original equipment manufacturers] themselves to educate them. Hey, 'this is privacy data,' 'this is what you need to secure.' *But we only do that when it's part of an agreement that they will allow law enforcement in.*"[3] (Emphasis added.)

24. In a story published by NBC News, NBC quoted LeMere from a podcast as follows: "'People rent cars and go do things with them and don't even think about the places they are going and what the car records,' LeMere said in a June interview for a podcast made by

---

[2] *See* https://berla.co/ (last accessed May 24, 2021).

[3] *See* https://www.cyberscoop.com/berla-car-hacking-dhs/ (last accessed May 24, 2021 and attached hereto as Exhibit A). That article refers to, and quotes, a 19:52 minute presentation found at https://www.youtube.com/watch?v=E0DQEVgJY5k.

CLASS ACTION COMPLAINT AND JURY DEMAND - 4

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Cellebrite, a company that makes tools to help law enforcement agencies extract data from locked mobile phones. 'Most of them aren't doing anything wrong, but it's pretty funny to see the hookers and blow request text messages and answers.'"[4]

25. A recent article published by The Intercept quoted LeMere as follows: "In a 2015 appearance on the podcast 'The Forensic Lunch,' LeMere told the show's hosts how the company uses exactly this accidental-transfer scenario in its trainings: 'Your phone died, you're gonna get in the car, plug it in, and there's going to be this nice convenient USB port for you. When you plug it into this USB port, it's going to charge your phone, absolutely. And as soon as it powers up, it's going to start sucking all your data down into the car.'"[5]

26. The Intercept article continues: "In the same podcast, LeMere also recounted the company pulling data from a car rented at BWI Marshall Airport outside Washington, D.C.: 'We had a Ford Explorer ... we pulled the system out, and we recovered 70 phones that had been connected to it. All of their call logs, their contacts and their SMS history, as well as their music preferences, songs that were on their device, and some of their Facebook and Twitter things as well. ... And it's quite comical when you sit back and read some of the the [sic] text messages.'"[6]

27. On information and belief, a reasonable opportunity for discovery will show that infotainment systems in Toyota vehicles automatically download a copy of all text messages from connected smartphones and store them in onboard computer memory.

---

[4] *See* https://www.nbcnews.com/tech/tech-news/snitches-wheels-police-turn-car-data-destroy-suspects-alibis-n1251939 (last accessed May 24, 2021 and attached as Exhibit B). That article purports to hyperlink to a podcast at https://www.cellebrite.com/en/series/vehicle-data-extractions-ben-lemere-ceo-at-berla-vehicle-forensics/ but no such podcast appears at that URL as of May 24, 2021.

[5] *See* https://theintercept.com/2021/05/03/car-surveillance-berla-msab-cbp/ (last accessed May 24, 2021 and attached as Exhibit C). The article contains no internal link to this referenced podcast.

[6] *Id.*

28. On information and belief, a reasonable opportunity for discovery will show that the onboard stored copy of text messages cannot be accessed by vehicle owners.

29. On information and belief, a reasonable opportunity for discovery will show that the onboard stored copy of text messages can be accessed by someone using hardware and software designed and sold by Berla.

30. Berla specifically restricts access to its systems, making them available primarily to law enforcement and private investigation service providers.

31. No Plaintiff is able to acquire a Berla system in order to be able to access the text messages stored on his own or any other Toyota vehicle.

**B. Plaintiff Goussev's Toyota infotainment system, smartphone, and text messages.**

32. Plaintiff Goussev owns a 2019 vehicle manufactured by Toyota.

33. Plaintiff Goussev's Toyota is equipped with an infotainment system that syncs to any smartphone either plugged into the system through a USB cable or connected via Bluetooth.

34. Plaintiff Goussev owns a smartphone.

35. The infotainment system on Plaintiff Goussev's Toyota is a device designed to record text communications.

36. In the past three years, on more than ten occasions, Plaintiff Goussev connected his smartphone into his Toyota vehicle's infotainment system.

37. Plaintiff Goussev never consented to Toyota downloading and storing his text messages, and similarly did not consent to third parties such as Berla or law enforcement having access to copies of such text messages made by his Toyota vehicle's infotainment system.

38. On at least ten occasions in the past three years, Plaintiff Goussev connected his smartphone to his Toyota vehicle's infotainment system at a time that it had at least one text message stored on it.

39. Each of Plaintiff Goussev's text messages was and is a private communication, inasmuch as Plaintiff Goussev had not shared the messages with anyone other than the recipients.

40. On information and belief, a reasonable opportunity for discovery will show that each text message on Plaintiff Goussev's smartphone was downloaded and recorded onto onboard vehicle memory by his Toyota vehicle's infotainment system.

41. Toyota was not a party to any of the text messages.

42. By the foregoing conduct, Toyota recorded the text messages through the infotainment system.

43. On information and belief, a reasonable opportunity for discovery will show that Plaintiff Goussev's Toyota vehicle infotainment system wrongfully retains the recorded copy of Plaintiff Goussev's text message for more than ten days.

### C. Plaintiff Ritch's text messages.

44. In the past three years, Plaintiff Ritch sent at least one text message to Plaintiff Goussev.

45. Plaintiff Goussev thereafter connected his smartphone to the infotainment system in his Toyota vehicle.

46. On information and belief, a reasonable opportunity for discovery will show that Plaintiff Ritch's text message to Plaintiff Goussev was downloaded and recorded onto onboard vehicle memory by Plaintiff Goussev's Toyota vehicle infotainment system.

47. Toyota was not a party to the text message.

48. By the foregoing conduct, Toyota intercepted and recorded the text messages through the infotainment system.

49. On information and belief, a reasonable opportunity for discovery will show that Plaintiff Goussev's Toyota vehicle infotainment system wrongfully retains the recorded copy of Plaintiff Ritch's text message for more than ten days.

### D. Privacy of text messages; Non-consent to Toyota's interception and recording.

50. Each of Plaintiff Goussev's text messages is a private communication between Plaintiff Goussev and his interlocutor.

51. Plaintiff Goussev has never consented to Toyota intercepting his text messages.

52. Plaintiff Goussev has never consented to Toyota recording his text messages.

53. Plaintiff Goussev has never inquired of an interlocutor to his text messages whether the counterparty consents to Toyota intercepting and recording the text messages.

54. As such, no interlocutor of Plaintiff Goussev has ever consented to Toyota intercepting and/or recording their text messages.

55. Toyota's recording of Plaintiff Goussev's text messages has injured Plaintiff Goussev. On information and belief, Plaintiff Goussev's private and confidential text messages now reside on his Toyota vehicle, can be accessed by Berla systems, and cannot be deleted by Plaintiff Goussev. Each of Plaintiff Goussev's private and confidential text messages is accessible at any time by law enforcement, by Berla, and by similar private actors.

56. Toyota has also injured Plaintiff Goussev by depriving him of the right and ability to engage in private text communications without unwillingly allowing Toyota to intercept and record a copy for access by third parties such as Berla and law enforcement.

57. Each of Plaintiff Ritch's text messages is a private communication between Plaintiff Ritch and his interlocutor.

58. Plaintiff Ritch has never consented to Toyota intercepting his text messages.

59. Plaintiff Ritch has never consented to Toyota recording his text messages.

60. Toyota's recording of Plaintiff Ritch's text messages has injured Plaintiff Ritch. On information and belief, Plaintiff Ritch's private and confidential text messages now reside on Plaintiff Goussev's Toyota vehicle, and can be accessed by Berla systems, and cannot be deleted by either Plaintiff Goussev or Ritch. Each of Plaintiff Ritch's private and confidential text messages to Plaintiff Goussev is accessible at any time by law enforcement, by Berla, and by similar private actors.

61. Toyota has injured Plaintiff Ritch by depriving him of the right and ability to engage in private text communications without unwillingly allowing Toyota to intercept and record a copy for access by third parties such as Berla and law enforcement.

## V. CLASS ALLEGATIONS

62. Plaintiffs bring this action as a class action pursuant to Civil Rule 23 on behalf of the following Classes of persons:

   All persons, who within three years prior to the filing of this Complaint, had their text messages recorded by the infotainment system in a Toyota vehicle (Toyota or Lexus) while a resident of the State of Washington.

   Excluded from the Class are Defendant Toyota and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

63. On information and belief, Toyota vehicles have intercepted and recorded text messages from numerous Washington persons.

64. On information and belief, the Class is so numerous that joinder of all affected persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

65. On information and belief, Class members may be identified from records maintained by one or more of the Washington Department of Licensing, Toyota, and/or Berla, and may be notified of the pendency of this action by mail or electronic mail using the form of notice similar to that customarily used in class actions.

66. Plaintiffs' claims are typical of the claims of the other members of the Class.

67. All members of the Class have been and/or continue to be similarly affected by Toyota's wrongful conduct as complained of herein. Plaintiffs are unaware of any interests that conflict with or are antagonistic to the interests of the Class.

68. Plaintiffs will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in class actions and complex litigation. Plaintiffs and Plaintiffs' counsel will adequately and vigorously litigate this class action, and Plaintiffs are aware of their duties and responsibilities to the Class.

69. Toyota has acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

over any questions affecting individual Class members. The questions of law and fact common to the Class include, *inter alia*:

    a. Whether Toyota recorded private communications and conversations without the consent of all participants in the comunication and conversations; and

    b. The remedies available to Plaintiffs and the Class.

70. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. Furthermore, as the statutory damages suffered by individual Class members is relatively small, the expense and burden of individual litigation makes it impossible as a practical matter for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

71. Toyota has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## VI. CAUSES OF ACTION

E. **First Cause of Action: Washington Privacy Act**

72. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

73. This First Cause of Action is brought pursuant to the Washington Privacy Act, Chapter 9.73 RCW, on behalf of the Class, against Toyota.

74. As to each Plaintiff and member of the Class, Toyota recorded private communications transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state of Washington by means of a device designed to record or transmit said communication.

75. As to each Plaintiff and member of the Class, Toyota did not first obtain the consent of all the participants in such communications.

76. Toyota recorded private conversations by means of a device designed to record or transmit such conversation without first obtaining the consent of all the persons engaged in the conversation.

77. Toyota is therefore liable to each Plaintiff and member of the Class for liquidated damages computed at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars for each Plaintiff and member of the Class, and a reasonable attorneys' fee and other costs of litigation, as provided by RCW 9.73.060.

78. Toyota's acts and practices in violation of Chapter 9.73 RCW as complained of herein have injured the persons of Plaintiffs and each member of the Class.

79. Because Toyota's wrongful recordation and retention of text messages as alleged above has occurred on more than ten separate occasions and/ or continued for more than ten days, Plaintiffs are entitled to $1,000 of statutory liquidated damages.

80. Each member of the Class is therefore entitled to $1,000 of statutory liquidated damages.

81. Plaintiff therefore seeks recovery of damages, including specifically statutory damages, on his own behalf and on behalf of each member of the Class, together with the costs of the suit, including reasonable attorneys' fees and other costs of litigation.

F. **Second Cause of Action: Declaratory Relief**

82. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

83. This Second Cause of Action is brought pursuant to the Uniform Declaratory Judgments Act, Chapter 7.24 RCW, on behalf of the Class, against Toyota.

84. Plaintiffs seek a declaration that Toyota's conduct violates the Washington Privacy Act.

G. **Third Cause of Action: Injunctive Relief**

85. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

86. Plaintiffs seek an injunction from this Court, enjoining Toyota from further interception and recordation of text messages by use of its infotainment systems, and ordering Toyota to cause its infotainment systems to delete all stored text messages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class prays for relief and judgment as follows:

A. Declaring that this action is properly maintainable as a class action under Civil Rule 23, and certifying Plaintiffs as the Class representative and their counsel as Counsel for the Class;

B. Declaring that Toyota recorded private communications and conversations in violation of the Washington Privacy Act;

C. Awarding Plaintiffs and the members of the Classes the remedy of liquidated damages at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars, and a reasonable attorneys' fee and other costs of litigation;

D. Enjoining further violations of the WPA; and

Such other and further relief as this Court may deem just and proper.

## VIII. JURY DEMAND

Plaintiff and the Class hereby demand a trial by jury.

///

///

August 9, 2021.

ARD LAW GROUP PLLC

By: *[signature]*
Joel B. Ard, WSBA # 40104
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243
ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

CLASS ACTION COMPLAINT AND JURY DEMAND - 12

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243



# Service of Process Transmittal

08/27/2021
CT Log Number 540155208

| | |
|---|---|
| **TO:** | Lola Waldrum<br>Toyota Legal One<br>6565 HEADQUARTERS DR, MAIL DROP W1-5C<br>PLANO, TX 75024-5965 |
| **RE:** | **Process Served in Washington** |
| **FOR:** | Toyota Motor Sales, U.S.A., Inc.  (Domestic State: CA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EVGENIY GOUSSEV and STACY RITCH, ETC., PLTFS. vs. TOYOTA MOTOR SALES, U.S.A., INC., ETC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2120136934 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Olympia, WA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/27/2021 at 14:55 |
| **JURISDICTION SERVED :** | Washington |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/27/2021, Expected Purge Date: 09/01/2021 |
| | Image SOP |
| | Email Notification,  Dawn Pittman Collins  dawn.pittman@toyota.com |
| | Email Notification,  Lola Waldrum  lola.waldrum@toyota.com |
| | Email Notification,  Serena Stout  serena.stout@toyota.com |
| | Email Notification,  Robynann Callahan  robynann.pelina.callahan@toyota.com |
| | Email Notification,  Shawn Wilson  shawn.wilson@toyota.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>711 Capitol Way S<br>Suite 204<br>Olympia, WA 98501<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other



## Service of Process Transmittal
08/27/2021
CT Log Number 540155208

**TO:** Lola Waldrum
Toyota Legal One
6565 HEADQUARTERS DR, MAIL DROP W1-5C
PLANO, TX 75024-5965

**RE:** **Process Served in Washington**

**FOR:** Toyota Motor Sales, U.S.A., Inc.  (Domestic State: CA)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / SS

STATE OF WASHINGTON
THURSTON COUNTY SUPERIOR COURT

| | |
|---|---|
| EVGENIY GOUSSEV and STACY RITCH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation,<br>Defendant. | 21-2-01369-34<br><br>SUMMONS |

TO THE DEFENDANT:

A lawsuit has been started against you in the above-entitled court by Evgeniy Goussev and Stacy Ritch, Plaintiffs. Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, by filing the original response with the above-entitled court, and by serving a copy upon the plaintiff within 20 days after service of this summons (or 60 days if this summons was served outside the State of Washington) excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance, you are entitled to notice before a default judgment may be entered. A copy of all responsive pleadings must be filed with the court.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

SUMMONS - 1
GOUSSEV V. TOYOTA

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State
2  of Washington.

4  August 24, 2021.

ARD LAW GROUP PLLC

By: _____

Joel B. Ard, WSBA # 40104
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law
ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

SUMMONS - 2
GOUSSEV V. TOYOTA

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243