1

THE HONORABLE DAVID G. ESTUDILLO

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

EVGENIY GOUSSEV and STACY RITCH,
individually and on behalf of all others similarly
situated,

12

13

Plaintiffs,

14

v.

15

TOYOTA MOTOR SALES, U.S.A., INC.,

16

Defendant.

17

Case No. 3:21-cv-05708-DGE

**DEFENDANT TOYOTA MOTOR
SALES, U.S.A., INC.'S MOTION TO
DISMISS FIRST AMENDED
COMPLAINT**

NOTE ON MOTION CALENDAR:
December 10, 2021

Oral Argument Requested

18

19

20

21

22

23

24

25

26

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................1

BACKGROUND .................................................................................................................3

    A.    Toyota's Infotainment Systems ................................................................3

    B.    The Berla Corporation .............................................................................4

    C.    Plaintiffs' Text Messages ........................................................................5

    D.    The Washington Privacy Act ...................................................................5

ARGUMENT .......................................................................................................................6

    A.    Legal Standard .........................................................................................6

    B.    Plaintiffs' Claims Must Be Dismissed With Prejudice Because They Lack Factual Basis ......................................................................7

    C.    Plaintiffs Do Not State a Claim Under the WPA Because They Have Not Alleged Interception, Unlawful Recording, or Injury ................9

        1.    Call logs are not "communications" under the WPA ....................9

        2.    Plaintiffs do not allege interception. ..............................................10

        3.    Plaintiffs do not allege actionable "recording." ...........................11

        4.    Plaintiffs do not plausibly allege injury under the WPA. ..............13

    D.    Plaintiffs Do Not Allege That Toyota Itself Violated the WPA ...............14

    E.    Plaintiffs' Proposed Application of the WPA Would Violate the Dormant Commerce Clause .....................................................................15

    F.    Plaintiffs' Declaratory and Injunctive Relief Claims Should Be Dismissed Because They Are Not Standalone Causes of Action ............17

CONCLUSION ..................................................................................................................18

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Allen v. City of Beverly Hills,*
  911 F.2d 367 (9th Cir. 1990) ............................................................................................ 2, 18

*Allen v. Zonis,*
  6 Wn. App. 2d 1045 (2018) ................................................................................................... 12

*Am. Libraries Ass'n v. Pataki,*
  969 F. Supp. 160 (S.D.N.Y. 1997) ........................................................................................ 17

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................... 7, 8, 10

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................... 7, 8, 10

*Bouckaert v. State Bd. of Land Comm'rs,*
  84 Wash. 356 (1915) .............................................................................................................. 14

*Brinkley v. Monterey Fin. Servs., LLC,*
  340 F. Supp. 3d 1036 (S.D. Cal. 2018) ................................................................................. 13

*Chinatown Neighborhood Ass'n v. Harris,*
  794 F.3d 1136 (9th Cir. 2015) ............................................................................................... 15

*Cousineau v. Microsoft Corp.,*
  992 F. Supp. 2d 1116 (W.D. Wash. 2012) .......................................................................... 9, 10

*Daniels Sharpsmart, Inc. v. Smith,*
  889 F.3d 608 (9th Cir. 2018) ................................................................................................. 15

*Edifecs Inc., v. TIBCO Software Inc.,*
  No. C10–330–RSM, 2011 WL 1045645 (W.D. Wash. Mar. 23, 2011) ................................ 18

*Edwards v. JPMorgan Chase Bank, N.A.,*
  No. C10–5839–BHS, 2011 WL 3516155 (W.D. Wash. Aug. 11, 2011) ............................... 18

*Foman v. Davis,*
  371 U.S. 178 (1962) ........................................................................................................... 2, 18

*Goodman v. HTC Am., Inc.,*
  No. C11–1793–MJP, 2012 WL 2412070 (W.D. Wash. June 26, 2012) ............................... 14

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Grimmett v. Brown*,
 75 F.3d 506 (9th Cir. 1996) ................................................................................. 14

*Healy v. Beer Inst.*,
 491 U.S. 324 (1989) ................................................................................... 15, 17

*Hummel v. Nw. Tr. Servs., Inc.*,
 180 F. Supp. 3d 798 (W.D. Wash. 2016) ............................................................. 18

*InfoStream Grp., Inc. v. PayPal, Inc.*,
 No. C 12-748, 2012 WL 3731517 (N.D. Cal. Aug. 28, 2012) ................................. 7

*Johnston v. AC JV, LLC*,
 No. C18-11-MJP, 2018 WL 3769799 (W.D. Wash. Aug. 9, 2018) .......................... 7

*Kearney v. Kearney*,
 95 Wn. App. 405 (1999) ................................................................................ 6, 12

*Kwai Ling Chan v. Chase Home Loans Inc.*,
 No. C12–0273-JLR, 2012 WL 1252649 (W.D. Wash. Apr. 13, 2012) ..................... 18

*Kwan v. SanMedica Int'l*,
 854 F.3d 1088 (9th Cir. 2017) ............................................................................ 7

*Manufactured Home Cmtys. Inc. v. City of San Jose*,
 420 F.3d 1022 (9th Cir. 2005) ............................................................................ 7

*Multidistrict Vehicle Air Pollution AMF, Inc. v. General Motors Corp.*,
 591 F.2d 68 (9th Cir. 1979) .............................................................................. 14

*Russo v. Microsoft Corp.*,
 No. 4:20-cv-04818-YGR, 2021 WL 2688850 (N.D. Cal. June 30, 2021) ............... 13

*S.D. Myers, Inc. v. City & Cnty. of San Francisco*,
 253 F.3d 461 (9th Cir. 2001) ............................................................................ 15

*Sam Francis Foundation v. Christies, Inc.*,
 784 F.3d 1320 (9th Cir. 2015) .......................................................................... 16

*Smith v. Haynes*,
 No. 3:19-cv-05394-RBL-JRC, 2020 WL 4195026 (W.D. Wash. May 11,
 2020) ........................................................................................................... 12

*State v. Ramos*,
 10 Wn. App. 2d 1013 (2019) ...................................................................... 11, 12

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*State v. Roden*,
  179 Wn.2d 893 (2014).....................................................................................9, 10, 11

*State v. Smith*,
  196 Wn. App. 224 (2016)..................................................................................12

*State v. Smith*,
  85 Wn.2d 840 (1975).....................................................................................6, 9

*State v. Townsend*,
  147 Wn.2d 666 (2002).................................................................................11, 12

*State v. Wright*,
  15 Wn. App. 2d 1018 (2020)...............................................................................11

*Streamline Bus. Grp., LLC v. Vidible, Inc.*,
  No. CV 14-1433, 2016 WL 3523033 (E.D. Pa. June 27, 2016)..........................13

*TelTech Sys., Inc. v. McCollum*,
  No. 08-61664-CIV, 2009 WL 10626585 (S.D. Fla. July 16, 2009).....................17

*Walsh v. City of Portland*,
  No. 3:17-CV-01899, 2018 WL 5621959 (D. Or. Oct. 30, 2018)...........................8

**STATUTES**

RCW 9.73 *et seq.*..................................................................................passim

**RULES**

Fed. R. Civ. P. 8...........................................................................................7

Fed. R. Civ. P. 12(b)(6)..................................................................................6

**OTHER AUTHORITIES**

S.B. 2419, 1977 1st Extraordinary. Sess. (Wn. 1977)...........................................6

S.B. 507, 1967 Extraordinary Sess. (Wn. 1967)...................................................6

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**INTRODUCTION**

This Court should dismiss Plaintiffs Evgeniy Goussev and Stacy Ritch's First Amended Complaint ("FAC") against Toyota Motor Sales, U.S.A., Inc. ("Toyota"), with prejudice. Plaintiffs claim that the "infotainment system" included in Goussev's Toyota vehicle is capable of intercepting, downloading, storing, and disseminating text messages and records of incoming and outgoing calls and call durations ("call logs") when a mobile phone is connected to the vehicle. This conduct purportedly amounts to a violation by Toyota of the Washington Privacy Act, RCW 9.73 *et seq.* ("WPA"), a statute aimed at prohibiting wiretapping and secret surveillance of communications. In the FAC, Plaintiffs attempt to cure the deficiencies in their original complaint by including additional allegations regarding a third party, Berla Corporation ("Berla").[1] But these amended allegations still do not allege that *Toyota* has engaged in any conduct prohibited by the WPA, and Plaintiffs cannot stretch the WPA to manufacture a claim against Toyota where none exists. Plaintiffs' FAC still fails to state a claim against Toyota for several reasons, each of which independently justifies dismissal with prejudice:

*First*, Plaintiffs' FAC fails to meet basic pleading requirements under the Federal Rules of Civil Procedure. Simply removing their reliance on "information and belief"—which appeared repeatedly throughout their original complaint—and adding website links to information about third-party Berla does not imbue Plaintiffs' allegations with a factual basis. The FAC should be dismissed for this reason alone.

*Second*, the dismissal should be with prejudice because the FAC does not and cannot plausibly allege a WPA violation, which requires interception or recording resulting in injury. Downloading and storing text messages from a phone onto an infotainment system does not, as a matter of law, amount to "interception" or unlawful "recording" under the WPA, despite the addition of conclusory allegations of "interception." And the allegations about interception and

---

[1] A redlined version of the FAC, showing changes it makes to the original Complaint, is attached for ease of reference as Exhibit A to this Motion.

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 1

1   recording of "call logs" fail because calls logs are not communications subject to the WPA.

2   Moreover, Plaintiffs still have not alleged any injury to their person, property, or reputation as

3   required to bring a WPA claim.

4        ***Third***, even if Plaintiffs had adequately alleged a WPA violation (they have not), they

5   have not alleged any violation by *Toyota*. The FAC alleges that Toyota markets, sells, and

6   distributes vehicles with infotainment systems. It does not allege that Toyota has access to

7   Plaintiffs' text messages or call logs, or at any future point will have access to their text

8   messages or call logs. To the contrary, the FAC alleges only that a third-party corporation acting

9   alongside law enforcement has means to access text messages and call logs stored on Toyota

10  vehicles. Toyota is no more a participant in any alleged WPA violation than the seller or

11  distributor of any hardware device with downloading capabilities, such as a tape recorder or

12  laptop.

13       ***Fourth***, if the WPA did apply to the conduct alleged in the FAC—namely, selling

14  vehicles with infotainment systems that download text messages and call logs to facilitate

15  connecting phones to cars—this would violate the dormant Commerce Clause of the U.S.

16  Constitution. The proposed class definition impermissibly fails to tie the allegations to calls

17  placed in Washington, but even if it did not, there is no practical way for Toyota to prevent

18  downloading and storing text messages and call logs only in Washington. Applying the WPA to

19  Toyota under these circumstances would effectively regulate conduct occurring wholly outside

20  the state, and potentially throughout the United States, which the dormant Commerce Clause

21  does not permit.

22       ***Fifth***, because Plaintiffs' WPA claim fails as a matter of law, so do their injunctive and

23  declaratory relief claims, since both are predicated entirely on the purported WPA violations.

24       Accordingly, Plaintiffs' claims against Toyota should be dismissed with prejudice.[2] *See,*

25  *e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("repeated failure to cure deficiencies by

26

---

[2] Toyota is also investigating Plaintiffs' agreements with Toyota, and, as part of that investigation

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

amendments previously allowed" is grounds for dismissal with prejudice); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (court may dismiss deficient amended complaint with prejudice rather than allow further amendments). And although Toyota believes that its motion can be decided without oral argument, Toyota respectfully requests that it have an opportunity to address the Court if the Court entertains oral argument in this case or in the related cases that Plaintiffs' counsel has filed concerning this subject matter.[3]

## BACKGROUND[4]

### A.    Toyota's Infotainment Systems

According to Plaintiffs' FAC, Toyota is responsible for marketing, sales, and distribution of vehicles equipped with "infotainment systems," which are systems that allow users to connect their smartphones to their vehicles via USB and Bluetooth. FAC ¶¶ 10-11. Toyota infotainment systems allegedly "instantaneously intercept, record, download, store, and are capable of transmitting, a copy of all text messages sent from or received by a smartphone" and all call logs "while [the smartphone] is connected to the infotainment system." *Id.*, ¶¶ 18, 22. Plaintiffs further allege that Toyota infotainment systems "record, download, store, and are capable of transmitting, a copy of" text messages and call logs "already stored on smartphones" connected to the systems. *Id.*, ¶¶ 17, 21.

---

has asked Plaintiffs to provide more information, but Plaintiffs have not yet provided the information requested. Toyota reserves all rights to enforce any contract provisions, including provisions relating to choice of law, forum, and arbitration.

[3] Plaintiffs' counsel has brought near-identical lawsuits against Volkswagen, Ford, Honda, and General Motors. *See Dornay et al. v. Volkswagen Group of Am., Inc.*, No. 3:21-cv-05646-DGE (W.D. Wash.); *Jones et al v. Ford Motor Company*, No. 3:21-cv-05666-DGE (W.D. Wash.); *Ritch et al. v. Am. Honda Motor Co., Inc.*, No. 3:21-cv-05706-DGE (W.D. Wash.); *McKee v. General Motors Co.*, No. 3:21-cv-05815-DGE (W.D. Wash.). The defendants in those lawsuits have filed motions to dismiss that raise arguments similar to those addressed herein.

[4] Toyota assumes, as it must for purposes of this motion only, the truth of the allegations in the FAC. Toyota reserves the right to contest all such allegations should this case survive its motion to dismiss.

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    Plaintiffs do not allege that Toyota itself downloads or stores text messages or call logs—

2    only that cars that it markets, sells, and distributes have this capability. *Id.*, ¶¶ 9-10, 17-24. Nor

3    do Plaintiffs allege that Toyota extracts, accesses, or even has the capacity to access downloaded

4    and stored text messages or call logs. *Id.* Indeed, Plaintiffs specifically allege that Berla, a

5    hardware and software manufacturer, and law enforcement agencies with access to Berla's

6    products and services—*not* Toyota—are "capable of extracting" stored text messages and stored

7    call logs "from infotainment systems in Toyota vehicles." *Id.,* ¶¶ 25-26. Toyota's sole role in the

8    alleged conduct is to market, sell, and distribute vehicles equipped with infotainment systems

9    that, when connected to smartphones, download and store text messages and call logs. *Id.*, ¶¶ 9-

10   10, 17-24. Nonetheless, Plaintiffs claim that Toyota, by virtue of manufacturing vehicles

11   allegedly capable of *storing* this data, "thereby transmit[s] stored text messages and call logs to

12   Berla." *Id.*, ¶ 27.

13   **B.      The Berla Corporation**

14   The bulk of Plaintiffs' allegations are directed to Berla, a third-party corporation that

15   allegedly provides "vehicle forensics tools" "to law enforcement, military, civil and regulatory

16   agencies, and select private industry organizations" that can extract text messages stored in

17   vehicle infotainment systems. *Id.*, ¶¶ 31-32 (internal quotation marks and citation omitted).

18   Based on news articles and public statements made by Berla and its CEO, the FAC alleges that

19   *Berla* is capable of disclosing text messages and call logs to law enforcement and others who are

20   not defendants in this action. *See, e.g., id.*, ¶¶ 32-35. The FAC does not allege that Toyota is

21   capable of accessing any text messages or call logs, nor that it does so. Indeed, the only

22   allegations specific to Toyota are (1) a series of claims from Berla's website announcing "added

23   support" Toyota vehicles, *id.* ¶¶ 43-46, and (2) an uncited and unsupported claim that

24   "[a]ccording to Berla, beginning no later than 2014 . . . manufacturers of Toyota vehicles,

25   worked with Berla to ensure that vehicle infotainment systems would copy and store text

26   messages and call logs without authorization . . ." *Id.*, ¶ 37.

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

### C.     Plaintiffs' Text Messages

2     Plaintiff Goussev now claims to own a 2015 Toyota equipped with an infotainment

3 system, to which he has, on multiple occasions, allegedly connected his smartphone.[5] *Id.*, ¶¶ 90-

4 91, 95-98. He alleges that "[e]ach text message stored on, sent by and received at [his]

5 smartphone was downloaded and recorded" and that "[e]ach call log stored on, or generated

6 while a call was placed by or received at [his] smartphone was intercepted, downloaded and

7 recorded onto onboard vehicle memory by his Toyota vehicle's infotainment system." *Id.*, ¶¶

8 101-102.

9     Plaintiff Stacy Ritch does not claim to own a Toyota, but claims that he "sent at least one

10 text message to Plaintiff Goussev," which was "downloaded and recorded onto onboard vehicle

11 memory by Plaintiff Goussev's Toyota vehicle infotainment system." *Id.*, ¶¶ 106-108.

12     Neither Goussev nor Ritch claim that their text messages or call logs were extracted from

13 Goussev's vehicle by either Berla or Toyota. Rather, they speculate that their text messages

14 *could* be accessed by Berla or another third party at some future time. *Id.*, ¶¶ 122-23. They do

15 not, however, allege any facts substantiating that claim as to Toyota.

16     Based on these allegations, Plaintiffs assert claims for violation of the WPA, declaratory

17 relief, and injunctive relief, and seek to certify a class of "[a]ll persons who within three years

18 prior to the filing of this Complaint, had their text messages and/or call logs intercepted and/or

19 recorded by the infotainment system in a Toyota vehicle (Toyota or Lexus) while a resident of

20 the State of Washington." *Id.*, ¶¶ 124, 73-86.

21

### D.     The Washington Privacy Act

22     As initially drafted in 1967 (long before the advent of cell phones, text messages, or

23 "infotainment systems"), the WPA was enacted to prohibit "the interception, recording, or

24

---

25 [5] In the original complaint, Plaintiff Goussev alleged that he owns a 2019 Toyota. *See* Ex. A; FAC ¶ 90. The FAC offers no explanation for this change. This inconsistency and Plaintiff's failure to

26 allege basic facts that would allow Toyota to investigate the claims are fatal, as discussed further below.

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

divulging" of private communications, and also bar admission in criminal trials of evidence obtained in violation of the WPA. S.B. 507, 1967 Extraordinary Sess. (Wn. 1967); *see also* RCW 9.73.030. A decade later, the statute was amended to remove the prohibition against "divulging" private communications. S.B. 2419, 1977 1st Extraordinary Sess. (Wn. 1977); *see also Kearney v. Kearney*, 95 Wn. App. 405, 412 (1999). This change reflected the legislature's intent to prohibit *only* recording and interception—not the divulgement of communications. *See id.*, 95 Wn. App. at 412 ("It is clear that RCW 9.73.030 prohibits only recording or intercepting private phone conversations without the consent of the other party; it does not prohibit disseminating such conversations to others.").

As currently written, the WPA states in relevant part:

> [I]t shall be unlawful for any individual, partnership, corporation, association, or the state of Washington . . . to ***intercept***, or ***record*** any: . . . Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication . . .

RCW 9.73.030(1)(a) (emphasis added).

While the Washington Supreme Court has not specifically defined the term "private conversation," it has indicated that the term should be construed within its "ordinary connotation of oral exchange, discourse, or discussion." *State v. Smith* ("*Smith 1975*"), 85 Wn.2d 840, 846 (1975) (finding that a tape recording did not intercept a private conversation under RCW 9.73.030(1) because the sounds of gunfire, running, and shouting were not an oral exchange, discourse, or discussion).

## ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires dismissal where a complaint lacks a "cognizable legal theory" or fails to present sufficient facts to support a cognizable legal theory.

DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO DISMISS FAC (3:21-cv-05708-DGE) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). To survive a motion to dismiss,

2    "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

3    that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Sufficient factual matter" does not include

5    allegations that are conclusory or speculative, or that require unreasonable or unwarranted

6    factual inferences. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th

7    Cir. 2005). Instead, a plaintiff must plead "factual content that allows the court to draw the

8    reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

9    678.

10   **B.      Plaintiffs' Claims Must Be Dismissed With Prejudice Because They Lack
             Factual Basis**

11           Plaintiffs' FAC omits most of the repeated concessions that their claims are based "on

12   information and belief" that plagued their original complaint. *See* Ex. A. But Plaintiffs'

13   allegations remain unsubstantiated, as evidenced by their admission that they "*believe* that

14   substantial evidentiary support will exist for the allegations set forth herein after a reasonable

15   opportunity for discovery." FAC at 1 (emphasis added). Plaintiffs' *belief*—without more—is

16   insufficient, even at the pleading stage.

17           Such speculative and conclusory allegations fail Fed. R. Civ. P. Rule 8's basic pleading

18   requirements and the plausibility requirements of *Iqbal* and *Twombly*. As courts in this district

19   have explained, "[p]laintiffs must offer more than mere speculation and a 'sheer possibility' of

20   liability to support their claim." *Johnston v. AC JV, LLC*, No. C18-11-MJP, 2018 WL 3769799,

21   at *4 (W.D. Wash. Aug. 9, 2018), *aff'd*, 787 F. App'x 413 (9th Cir. 2019) (explaining that

22   plaintiffs' "'sue first, ask questions later' approach cannot be condoned") (internal citation

23   omitted); s*ee also InfoStream Grp., Inc. v. PayPal, Inc.*, No. C 12-748, 2012 WL 3731517, at *5

24   (N.D. Cal. Aug. 28, 2012) (Rule 8 is intended to "'prevent parties from filing complaints in order

25   to conduct aimless fishing expeditions in the hope that some helpful evidence might possibly be

26   uncovered.'") (internal citation omitted). Moreover, allegations based on what "discovery will

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  show" are insufficient and "do not meet the standards set by *Twombly* and *Iqbal* to survive a

2  motion to dismiss and allow a plaintiff to proceed with discovery." *Walsh v. City of Portland*,

3  No. 3:17-CV-01899, 2018 WL 5621959, at *4 (D. Or. Oct. 30, 2018); *compare with, e.g.,* FAC,

4  ¶¶ 108, 111.

5      It is well-established that "[t]hreadbare recitals of the elements of a cause of action,

6  supported by mere conclusory statements, do not suffice." *Iqbal*, 556 at 678. Plaintiffs' FAC

7  provides nothing *but* threadbare recitals of the elements of the WPA. Plaintiffs' core allegation is

8  that "Toyota infotainment systems intercept and record call logs and text messages from phones

9  connected to those infotainment systems, and store those logs and messages for retrieval by

10 unauthorized third parties[.]" FAC, ¶ 76. But this allegation is conclusory, and Plaintiffs do not

11 support it with a single fact about *Toyota*. Plaintiffs need more than speculation based on news

12 articles and statements relating to third parties to "unlock the doors of discovery." *Iqbal*, 556

13 U.S. at 678-79.[6]

14     Because Plaintiffs still allege no facts plausibly supporting their suggestion that the

15 allegations are as Plaintiffs hope they will be, their claims must be dismissed with prejudice.

16

17

18

19 [6] Plaintiffs' FAC is also plagued by inconsistencies that fail to "give defendant fair notice of what
   . . . the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation
20 omitted). For example, Plaintiffs allege inconsistent timing, claiming that "[s]ince at least
   December 2015 . . . Toyota vehicle infotainment systems intercept, record, download and store . . .
21 [copies] of phone data, including text messages and call logs . . ." (FAC ¶ 59); "[s]ince at least
   September 2016 . . . owners of Berla equipment can, and do, retrieve without authorization, the
22 call logs and text messages of smartphones which have been connected to Toyota vehicles" (*id.*, ¶
   65); and "[s]ince at least 2017 . . . Toyota vehicles store an unauthorized copy of call logs and text
23 messages . . ." (*id.*, ¶ 73). As each of these assertions is uncited, it is unclear to Toyota whether
   Plaintiffs intend to allege that Toyota violated the WPA beginning in 2015, 2016, 2017, or at some
24 other point in time. These allegations are important since Plaintiffs' original complaint alleged that
   Goussev owned a 2019 Toyota vehicle, but the FAC now alleges that he owns a 2015 Toyota.
25 Plaintiffs have likewise not alleged the vehicle's make, model or Vehicle Identification Number
   ("VIN").
26

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### C.   Plaintiffs Do Not State a Claim Under the WPA Because They Have Not Alleged Interception, Unlawful Recording, or Injury

Even accepting Plaintiffs' allegations as true, even after amendment, Plaintiffs do not and cannot state a claim under the WPA, so their FAC must be dismissed with prejudice. To state a claim for violation of the WPA, a plaintiff must establish the following elements: "(1) a private communication transmitted by a device which was (2) intercepted or recorded by use of (3) a device designed to record and/or transmit (4) without the consent of all parties to the private communication." *State v. Roden*, 179 Wn.2d 893, 899 (2014) (en banc). Finally, a plaintiff must allege that a violation of this statute "has injured his or her business, his or her person, or his or her reputation." RCW 9.73.060.

Plaintiffs' FAC fails to set forth the required elements. Call logs are not "communications" for purposes of the WPA. Downloading and storing text messages and call logs does not constitute "interception" under the WPA. There is no unlawful recording because, under Washington law, a party implicitly consents to recording of text messages. And Plaintiffs have not plausibly alleged any injury. Accordingly, Plaintiffs' claims against Toyota fail as a matter of law and should be dismissed with prejudice.

### 1.   Call logs are not "communications" under the WPA.

The FAC claims Toyota intercepted call logs, or "records of incoming and outgoing calls and call durations." *See* FAC ¶ 21. But the WPA applies only to "communications" and "conversations." Call logs are not a form of discourse or discussion, nor are they in any way communicative. See *Smith 1975*, 85 Wn.2d at 846. Indeed, this Court has held that geolocation records do not constitute a "communication" because "[w]ithout an individual on the other end of [the] communication . . . the transmission of [plaintiff's] data cannot be considered a communication under the WPA." *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1129 (W.D. Wash. 2012). Like geolocation data, call logs reflect the mere transmission of data

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

without "an individual on the other end." *Id.* at 1129. Accordingly, Plaintiffs' allegations relating to call logs are wholly irrelevant as a matter of law and should be disregarded.

### 2.    Plaintiffs do not allege interception.

Like the original complaint, the FAC alleges, at most, that Toyota vehicles download and store text messages. *See, e.g.*, FAC ¶¶ 17-24, 36, 69, 84. But that is not interception under the WPA. To "intercept" under the statute means to "stop . . . *before arrival* . . . or interrupt the progress or course." *Roden*, 179 Wn.2d at 904 (emphasis added) (internal quotation marks and citation omitted). Accordingly, courts have consistently held that "interception" within the meaning of the WPA must occur prior to receipt by the intended recipient. That is not what Plaintiffs allege. To the contrary, and despite their repeated use of the term "intercept" throughout, the FAC admits that texts are downloaded and stored *after* receipt by a smartphone. *See, e.g.,* FAC ¶¶ 17 ("Infotainment systems in Toyota vehicles from at least 2014 onward automatically and without authorization, record, download, store, and are capable of transmitting, a copy of all text messages already stored on smartphones"), 36 ("copies of text messages and call logs stored on Toyota vehicles can be, and are, retrieved by unauthorized users"), 69 ("Toyota vehicle infotainment systems retain unauthorized copies of call logs from connected smartphones"), 84 ("The onboard stored copy of text messages can be accessed").

All that has been added to the FAC is a conclusory allegation that Toyota vehicles "instantaneously intercept" text messages and call logs "sent from or received by a smartphone while it is connected to the infotainment system." FAC ¶¶ 18, 22. No facts have been added to render this allegation plausible, and as such, the term "instantaneously intercept" is nothing more than an unsupported legal conclusion. This is insufficient. *See Iqbal*, 556 U.S. at 677 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" so courts need not accept as true "legal conclusions.") (quoting *Twombly*, 550 U.S. at 555).

DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO DISMISS FAC (3:21-cv-05708-DGE) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    The upshot is that Plaintiffs thus not only fail to allege actionable interception—*i.e.*,

2    interruption of the progress or course of the message—they plead themselves out of such an

3    allegation by repeatedly admitting that the texts are already received before they are downloaded.

4    *Compare Roden*, 179 Wn.2d at 904 (finding interception where a defendant's text messages were

5    "opened, read, and responded to by an officer before they reached [defendant]") *with State v.*

6    *Ramos*, 10 Wn. App. 2d 1013 at *5 (2019) ("In *Roden*, police officers did not violate the privacy

7    act by looking at recorded messages already on [defendant's] phone; they violated the act by

8    *intercepting* messages," *i.e.*, "by pretending to be [defendant] and receiving text communications

9    intended for him") (emphasis in original).

10                   **3.       Plaintiffs do not allege actionable "recording."**

11   Under Washington law, text messages, emails, and other forms of written communication

12   are *necessarily* recorded with consent. *See, e.g., State v. Townsend,* 147 Wn.2d 666, 676 (2002)

13   ("[B]ecause [defendant], as a user of e-mail had to understand that computers are, among other

14   things, a message recording device and that his e-mail messages would be recorded on the

15   computer of the person to whom the message was sent, he is properly deemed to have consented

16   to the recording of those messages."); *Ramos*, 10 Wn. App. 2d at *5 ("Text messages are

17   inherently recorded and their recording is something to which the sender of a message impliedly

18   consents."); *State v. Wright*, 15 Wn. App. 2d 1018 at *5 (2020) ("[O]ur Supreme Court has held

19   that an e-mail sender consents to the recording of the e-mail, because the e-mail user necessarily

20   understands that their message will be recorded on the recipient's computer. Similarly, the sender

21   of a text message impliedly consents to the recipient's phone recording the text message.")

22   (internal citations omitted). Put another way, since a text message necessarily requires a written

23   communication, all parties to a text message consent to the creation of the written record of a

24   text.

25   That Plaintiffs' text messages were allegedly downloaded from Goussev's cell phone and

26   stored on a Toyota infotainment system does not change the analysis or the outcome. It is the act

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   of reducing the communication to reproducible form prior to or simultaneous with receipt of the

2   communication that triggers the WPA's recording provisions, not any after-the-fact copying of

3   the received communication that may—and often does—occur. *See* RCW 9.73.030(1)(a)

4   (addressing recording of a "[p]rivate communication *transmitted* by telephone, telegraph, radio,

5   or other device *between* two or more individuals *between points* within or without the state . . .")

6   (emphasis added); *see also, e.g.*, *Townsend*, 147 Wn.2d at 676 (confirming that it is assumed that

7   a message recorded by one device may then be copied); *Ramos*, 10 Wn. App. 2d 1013 at *5

8   ("[L]ooking at text messages recorded on a cell phone . . . does not present a recording

9   violation."); *Allen v. Zonis*, 6 Wn. App. 2d 1045 at *7 (2018) (declining to hold that "reading or

10  reviewing stored communications that had already been received by the intended recipient"

11  constitutes "recording"); *State v. Smith*, 196 Wn. App. 224, 236 (2016), *rev'd on other grounds*,

12  189 Wn.2d 655 (2017) (holding that "access[ing] a device that happened to record or intercept a

13  conversation" in the past did not violate WPA); *Smith v. Haynes*, No. 3:19-cv-05394-RBL-JRC,

14  2020 WL 4195026, at *2 (W.D. Wash. May 11, 2020), *report and recommendation adopted*,

15  2020 WL 4288403 (W.D. Wash. July 27, 2020) (noting that listening to a previously-made voice

16  message on a phone was not an interception because "[a]t the time this information was

17  recorded, nobody was trying to intercept or record what was occurring."). Indeed, if copying an

18  already-recorded text message could give rise to a WPA claim, every individual who forwarded

19  a text message to a friend, used ubiquitous text aggregation services, or accessed text messages

20  on multiple devices—including, for example, a Bluetooth-connected watch—could be subject to

21  the WPA's statutory damages provisions. *See also Kearney*, 95 Wn. App. at 412 ("It is clear that

22  RCW 9.73.030 prohibits only recording or intercepting private phone conversations without the

23  consent of the other party; it does not prohibit disseminating such conversations to others."); *see*

24  *also Townsend*, 147 Wn.2d at 676. Accordingly, Plaintiffs' allegations are not only insufficient

25  to state a claim, they actually plead themselves out of a claim for recording in violation of the

26  WPA.

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1            **4.**        **Plaintiffs do not plausibly allege injury under the WPA.**

2         The plain language of the WPA's civil recovery provision requires Plaintiffs to allege

3 that "a violation of [the] statute has injured [their] business, [their] person, or [their] reputation."

4 RCW 9.73.060; *see also Streamline Bus. Grp., LLC v. Vidible, Inc.*, No. CV 14-1433, 2016 WL

5 3523033, at *8 (E.D. Pa. June 27, 2016) ("[Plaintiff] must plead an injury to its business, person,

6 or reputation, in addition to a violation of the [WPA], in order to sufficiently state a civil cause of

7 action for damages thereunder"); *Brinkley v. Monterey Fin. Servs., LLC*, 340 F. Supp. 3d 1036,

8 1044-45 (S.D. Cal. 2018) (dismissing WPA claim where plaintiff failed to allege how an alleged

9 impermissible recording caused injury).

10         Here, each Plaintiff alleges that he has been "injured" "in his person" because his text

11 messages "now reside on [Goussev's] Toyota vehicle, can be accessed . . . by Berla systems, and

12 cannot be deleted by Plaintiff Goussev," making them accessible by "law enforcement, by Berla,

13 and by similar private actors." FAC ¶¶ 117 (Goussev), 122 (Ritch). Plaintiffs additionally claim

14 injury as a result of being "depriv[ed]" of "the right and ability to engage in private phone calls

15 and text communications." *Id.*, ¶¶ 118 (Goussev), 123 (Ritch). Neither of these claimed injuries

16 constitute an injury *to Plaintiffs' businesses, persons, or reputations*, as required by the WPA,

17 and it is not enough for Plaintiffs to merely append the phrase "in his person" to their claims of

18 injury in the FAC. *See, e.g.*, *Russo v. Microsoft Corp.*, No. 4:20-cv-04818-YGR, 2021 WL

19 2688850, at *3 (N.D. Cal. June 30, 2021) (holding that plaintiffs failed to state a WPA claim

20 where they did not "allege enough facts to draw a reasonable inference that they have been

21 injured by [defendant's] conduct" and finding that statements "that [defendant] used and shared"

22 their data were "far too sparse and conclusory to make the claim of personal injury plausible")

23 (internal citations omitted).

24         Even if Plaintiffs' alleged harms could theoretically constitute "personal injuries" under

25 the WPA, they are far too speculative. The plain language of the WPA creates a private right of

26 action only as to past injuries, not future ones. *See* RCW 9.73.060 (providing a private right of

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   action to anyone "claiming that a violation of this statute *has injured* his or her business, . . .

2   person, or . . . reputation") (emphasis added).  And Washington courts have long held that

3   "purely speculative and theoretical injury cannot ordinarily be redressed in the courts."

4   *Bouckaert v. State Bd. of Land Comm'rs*, 84 Wash. 356, 359-60 (1915). Here, Plaintiffs have

5   alleged no facts suggesting that, even *if* their text messages are in fact stored on their vehicles'

6   infotainment systems, those texts are likely to be viewed by any third party. For example, they

7   do not claim they are subject to a criminal investigation or likely to be, or that such an

8   investigation, if it occurred, would likely involve retrieving text messages from their vehicles.

9   Absent more specific allegations, their claimed harms are too vague and speculative to support a

10  cause of action. *See Goodman v. HTC Am., Inc.*, No. C11–1793–MJP, 2012 WL 2412070, at *7

11  (W.D. Wash. June 26, 2012) (holding that plaintiffs did not allege a sufficient injury for their

12  claim that defendants misappropriated their personal information, because the alleged injury was

13  "vague and future-oriented"); *Grimmett v. Brown*, 75 F.3d 506, 517 (9th Cir. 1996)

14  (distinguishing "uncertain *damage*, which prevented recovery, from an uncertain *extent* of

15  damage, which did not prevent recovery") (emphasis in original) (quoting *Multidistrict Vehicle*

16  *Air Pollution AMF, Inc. v. General Motors Corp.*, 591 F.2d 68, 73 (9th Cir. 1979)). Plaintiffs'

17  WPA claim fails for this reason too.

18          **D.      Plaintiffs Do Not Allege That Toyota Itself Violated the WPA**

19          Plaintiffs' claim against Toyota requires dismissal with prejudice for the independent

20  reason that Plaintiffs fail to plead any alleged "interception" or "recording" *by Toyota*. At most,

21  Plaintiffs allege that Toyota markets, sells, and distributes vehicles with infotainment systems

22  that are *capable* of intercepting, downloading, storing, and disseminating text messages when a

23  user voluntarily connects his or her smartphone to the system. FAC ¶¶ 9, 17-24. Missing from

24  Plaintiffs' FAC are facts suggesting that *Toyota* is somehow capable of accessing messages or

25  call logs stored in the infotainment system, or has done so. *See id.*; *see also, e.g.*, FAC ¶ 47

26  ("Toyota vehicles store unauthorized call logs and SMS messages of phones which had been

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   connected to it, as alleged above, capable of being retrieved by unauthorized third parties . . .").

2   Indeed, Plaintiffs' new allegations pertain almost entirely to *Berla*, not Toyota, begging the

3   question as to why they have sued Toyota in the first place. *See id.* ¶¶ 25-26, 30-62; *see also* Ex.

4   A. This too justifies dismissal of Plaintiffs' FAC with prejudice.

5   **E.      Plaintiffs' Proposed Application of the WPA Would Violate the Dormant Commerce Clause**

6   Had Plaintiffs adequately pled a violation of the WPA by Toyota, the FAC would still

7   require dismissal because applying the WPA to Toyota's conduct in marketing, selling, and

8   distributing vehicles with infotainment systems would violate the dormant Commerce Clause of

9   the U.S. Constitution. The "dormant" Commerce Clause limits "the authority of the States to

10  enact legislation affecting interstate commerce" and "precludes the application of a state statute"

11  that has "the practical effect of . . . control[ling] conduct beyond the boundaries of the State,"

12  even where "the commerce has effects within the State." *Healy v. Beer Inst.*, 491 U.S. 324, 326

13  n.1, 336 (1989) (citations omitted). It applies where a state law (1) "discriminates against

14  interstate commerce, or when its effect is to favor in-state economic interests over out-of-state

15  interests"; or (2) "directly affects transactions that take place across state lines or entirely outside

16  of the state's borders." *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 614 (9th Cir. 2018)

17  (quoting *S.D. Myers, Inc. v. City & Cnty. of San Francisco*, 253 F.3d 461, 467 (9th Cir. 2001)).

18  Thus, it is unconstitutional for a state statute to directly regulate conduct "wholly outside of the

19  State's borders." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1146 (9th Cir. 2015)

20  (citation omitted).

21  Plaintiffs' WPA claims would attempt to do just that—apply the WPA to Toyota, an out-

22  of-state corporation engaged in interstate commerce, and thereby directly regulate conduct

23  occurring entirely outside of Washington. As discussed above, Plaintiffs do not allege that

24  *Toyota* engaged in any relevant conduct in Washington. Indeed, the only conduct alleged as to

25  Toyota is the act of marketing, selling, and distributing vehicles with infotainment systems, and

26  this conduct is not even alleged to have occurred in Washington. Instead, Plaintiffs' claims

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    appear to turn entirely on the fact that they *themselves* are residents of Washington and that they

2    intermittently connected their phones to their Toyota vehicles while in Washington (and

3    presumably did so in other geographies as well). FAC ¶¶ 6-7, 98; *see also* ¶ 124. If the WPA

4    were applied in this manner, it would violate the dormant Commerce Clause's prohibition on

5    "direct regulation."

6         *Sam Francis Foundation v. Christies, Inc*. is instructive. There, the Ninth Circuit "easily

7    conclude[d]" that a statute which sought to regulate out-of-state conduct with "no necessary

8    connection with the state other than the residency" of those involved in the transaction violated

9    the dormant Commerce Clause. 784 F.3d 1320, 1323 (9th Cir. 2015) (en banc), *cert. denied*, 136

10   S. Ct. 795 (2016). *Sam Francis* involved a portion of the California Resale Royalty Act

11   ("CRRA") which required the seller of fine art to pay the artist a five percent royalty if "the

12   seller resides in California or the sale takes place in California," even if the artwork was sold out-

13   of-state or involved only out-of-state residents. *Id.* at 1322. The court held that the CRRA's

14   royalty requirement violated the dormant Commerce Clause because it "facially regulate[d] a

15   commercial transaction that 'takes place wholly outside of the State's borders.'" *Id.* at 1323

16   (citation omitted).

17        Insofar as they do not attempt to limit their claims or class definition to any alleged

18   interception or recording that occurred in Washington (*see, e.g.*, FAC ¶ 124), Plaintiffs' WPA

19   claims present analogous circumstances: Plaintiffs seek to hold Toyota—an out-of-state

20   company—liable under a Washington statute based on nothing more than their own residency.

21   Under Plaintiffs' theory, Toyota could be held liable if a vehicle's infotainment system were to

22   intercept or record a text message, *regardless* of where Toyota distributed or sold the vehicle,

23   where the vehicle was located, or where the interception or recording occurred, so long as one of

24   the parties to the message was a resident of Washington.

25        Even if Plaintiffs were to amend their FAC to focus on alleged interception and recording

26   occurring *in Washington*, and they were to plausibly allege conduct by Toyota also occurring *in*

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Washington*, their claims would nevertheless seek to "directly regulate" interstate commerce in violation of the dormant Commerce Clause. This is because, given the inherent mobility of vehicles, it would be difficult, if not impossible, for Toyota to know with certainty which vehicles might ultimately be operated in Washington. Accordingly, Toyota (and other national vehicle manufacturers and distributors) would be effectively precluded from selling and distributing infotainment systems like the ones alleged to be at issue in this case *nationwide*, based on the mere possibility that even a single vehicle containing such a system might ultimately end up in Washington. Whether this might occur would be impossible for Toyota to determine with certainty *ex ante*.[7]

In other words, the "practical effect" would be "to control conduct beyond the boundaries of the State," *Healy*, 491 U.S. at 336. The dormant Commerce Clause prohibits just that. *See also, e.g.*, *TelTech Sys., Inc. v. McCollum*, No. 08-61664-CIV, 2009 WL 10626585, at *8 (S.D. Fla. July 16, 2009) (holding that a state caller ID statute had the "practical effect" of regulating commerce "wholly outside the state"—and thus violated the dormant Commerce Clause— because it would be "impossible" for parties to determine ex ante whether the statute applied to any given call); *Am. Libraries Ass'n v. Pataki*, 969 F. Supp. 160, 168-69, 177 (S.D.N.Y. 1997) (finding that state statute violated the dormant Commerce Clause where it was impossible to limit the application of the statute solely to in-state conduct).

## F. Plaintiffs' Declaratory and Injunctive Relief Claims Should Be Dismissed Because They Are Not Standalone Causes of Action

Plaintiffs' claims for declaratory and injunctive relief should also be dismissed because both are remedies, not causes of action. *See, e.g.*, *Kwai Ling Chan v. Chase Home Loans Inc.*,

---

[7] Consider, for example, a Toyota RAV4 purchased from a vehicle dealership in Las Vegas, Nevada. After several years, the owner—a longtime resident of Nevada—might relocate to Tacoma, Washington. Or consider a Toyota Tundra owned and operated by a resident of Portland, Oregon. Periodically, the owner might loan his vehicle to his cousin, who lives across the border in Vancouver, Washington. In each of these scenarios, Toyota vehicles could be driven, and infotainment systems used, by residents of Washington in Washington, and in each scenario, Toyota would have no way to determine when and how the WPA might apply.

DEFENDANT TOYOTA MOTOR SALES, U.S.A.,
INC.'S MOTION TO DISMISS FAC
(3:21-cv-05708-DGE) – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

No. C12–0273-JLR, 2012 WL 1252649, at *3 (W.D. Wash. Apr. 13, 2012) ("The court dismisses Plaintiff's counts for declaratory and injunctive relief . . . because they are remedies and not causes of action."); *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 810 (W.D. Wash. 2016) ("It is well established that the Declaratory Judgment Act does not create an independent cause of action.") (internal quotation and citation omitted); *Edifecs Inc., v. TIBCO Software Inc.*, No. C10–330–RSM, 2011 WL 1045645, at *3 (W.D. Wash. Mar. 23, 2011) ("Injunctive relief is a remedy, not a cause of action."). Further, as discussed above, Plaintiffs have not pleaded a violation of the WPA, or any other law, that would entitle them to injunctive relief, and thus their claim should be dismissed. *See, e.g.*, *Edwards v. JPMorgan Chase Bank, N.A.*, No. C10–5839–BHS, 2011 WL 3516155, at *3–4 (W.D. Wash. Aug. 11, 2011) (dismissing injunctive relief claim and noting plaintiffs "have no right to injunctive relief absen[t] a viable cause of action against [defendant]").

## CONCLUSION

For the foregoing reasons, Toyota respectfully requests that the Court dismiss Plaintiffs' FAC against it with prejudice. *See, e.g.*, *Foman*, 371 U.S. at 182; *Allen*, 911 F.2d at 373.

Dated: November 18, 2021

By: s/ *Nicola C. Menaldo*
Nicola C. Menaldo, WSBA No. 44459
Lauren J. Tsuji, WSBA No. 55839
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
NMenaldo@perkinscoie.com
LTsuji@perkinscoie.com

James G. Snell (admitted *pro hac vice*)
**Perkins Coie LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350
JSnell@perkinscoie.com

*Attorney for Defendant*
*TOYOTA MOTOR SALES, U.S.A., INC.*