THE HONORABLE DAVID G. ESTUDILLO

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| EVGENIY GOUSSEV and STACY RITCH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>Defendant. | Case No. 3:21-cv-05708-DGE<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR: January 28, 2022<br><br>Oral Argument Requested |

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

**Table of Contents**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

    A.    Plaintiffs Fail to State a Claim for Violation of the WPA. ...................................... 1

        1.    Plaintiffs Fail to Allege Any Violation of the WPA By *Toyota*. ................ 1

        2.    Plaintiffs' Claims Lack a Factual Basis. ..................................................... 2

        3.    Plaintiffs Do Not State a WPA Claim Because They Have Not Alleged Interception, Unlawful Recording, or Injury. ................................ 3

            i.    Call logs are not "communications" under the WPA. .................... 3

            ii.    Plaintiffs do not allege interception. ............................................... 5

            iii.    Plaintiffs do not allege recording. ................................................... 7

            iv.    Plaintiffs do not plausibly allege injury under the WPA. ............... 8

        4.    The WPA Would Violate the Dormant Commerce Clause if Interpreted as Urged by Plaintiffs. ............................................................ 11

    B.    Plaintiffs Fail to State a Claim for Declaratory and Injunctive Relief. ................. 12

CONCLUSION ......................................................................................................................... 12

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

# Table of Authorities

**Page(s)**

**CASES**

*Ajetunmobi v. Clarion Mortg. Cap., Inc.*,
    595 F. App'x 680 (9th Cir. 2014) ..................................................................................12

*Allen v. Zonis*,
    6 Wn. App. 2d 1045 (2018) ............................................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................3

*BMW of N. Am., Inc. v. Gore*,
    517 U.S. 559 (1996) ......................................................................................................11

*Brinkley v. Monterey Fin. Servs.*, LLC,
    340 F. Supp. 3d 1036 (S.D. Cal. 2018) .....................................................................9, 10

*Cal. Pac. Bank v. FDIC*,
    885 F.3d 560 (9th Cir. 2018) ..........................................................................................2

*Cousineau v. Microsoft Corp.*,
    992 F. Supp. 2d 1116 (W.D. Wash. 2012) .....................................................................3

*Gilligan v. Jamco Dev. Corp.*,
    108 F.3d 246 (9th Cir. 1997) ..........................................................................................3

*Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*,
    No. C 17-06177 SBA, 2018 WL 11365567 (N.D. Cal. Nov. 27, 2018) ........................2

*Healy v. Beer Inst., Inc.*,
    491 U.S. 324 (1989) ......................................................................................................11

*Hopkins v. Wash. State Special Commitment Ctr.*,
    2016 WL 3364933, No. C15-5554-BHS, 2016 WL 3364933 (W.D. Wash.
    June 17, 2016) ..............................................................................................................10

*In re Carrier IQ, Inc.*,
    78 F. Supp. 3d 1051 (N.D. Cal. 2015) ............................................................................4

*Indep. Towers of Wash. v. Wash.*,
    350 F.3d 925, 929 (9th Cir. 2003) ..................................................................................2

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

*Jeffrey v. Foster Wheeler, LLC*,
  No. 14–cv–05585–WHO, 2015 WL 1004687 (N.D. Cal. Mar. 2, 2015) ..................................3

*Kearney v. Kearney*,
  95 Wn. App. 405 (1999) ...............................................................................................1, 2

*Kleiser v. Chavez*,
  No. 3:20-CV-6079-BJR, 2021 WL 5761644 (W.D. Wash. Dec. 3, 2021) ...............................5

*Nat'l Fed'n of the Blind v. Target Corp.*,
  452 F. Supp. 2d 946 (N.D. Cal. 2006) ...............................................................................12

*Nat'l Pork Producers Council v. Ross*,
  6 F.4th 1021 (9th Cir. 2021) ...............................................................................................11

*NCAA v. Miller*,
  10 F.3d 633 (9th Cir. 1993) ................................................................................................12

*Pulte Home Corp. v. TIG Ins. Co.*,
  794 F. App'x 587 (9th Cir. 2019) ........................................................................................2

*Russo v. Microsoft Corp.*,
  No. 4:20-cv-04818-YGR, 2021 WL 2688850 (N.D. Cal. June 30, 2021) ..............................10

*Schneider v. Cal. Dep't of Corr.*,
  151 F.3d 1194 (9th Cir. 1998) .............................................................................................4

*State v. Bilgi*,
  496 P.3d 1230 (Wash. Ct. App. 2021) .................................................................2, 5, 7, 8

*State v. Fairley*,
  12 Wn. App. 2d 315 .............................................................................................................7

*State v. Glant*,
  13 Wn. App. 2d 1010 (2020) ............................................................................................7, 8

*State v. Johnson*,
  173 Wn.2d 895 (2012) ..........................................................................................................7

*State v. Keller*,
  143 Wn.2d 267 (2001) ......................................................................................................6, 8

*State v. Patel*,
  147 Wn. App. 1053 (2008) ..................................................................................................7

*State v. Racus*,
  7 Wn. App. 2d 287 (2019) ....................................................................................................7

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

*State v. Roden*,
    179 Wn.2d 893 (2014) ........................................................................................................5, 6

*State v. Smith*,
    85 Wn.2d 840 (1975) ..............................................................................................................4

*State v. Townsend*,
    147 Wn.2d 666 (2002) ........................................................................................................7, 8

*Streamline Bus. Grp., LLC v. Vidible, Inc.*,
    NO. 14-1433, 2016 WL 3523033 (E.D. Pa. June 27, 2016) ..............................................9, 10

*TransUnion v. Ramirez*,
    141 S. Ct. 2190 (2021) ............................................................................................................9

**STATUTES**

RCW 9.73 *et seq.* ........................................................................................................... *passim*

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

**INTRODUCTION**

Plaintiffs' Opposition confirms that the FAC should be dismissed with prejudice. It fails to cite any authority that would support holding *Toyota* liable for alleged copying of texts and call logs to an infotainment system *owned and possessed by Plaintiff Goussev.* And it confuses legal standards (*e.g.*, injury), improperly raises new allegations nowhere found in the FAC, and seeks the application of legal principles not supported by relevant authority.

Plaintiffs' WPA claims fail because there is no actionable conduct alleged against Toyota and because (a) call logs are not "communications" under the WPA, (b) making copies of call logs or texts that are already on a phone is not "interception," (c) nor is it "recording," and (d) Plaintiffs have not alleged injury to their person, property, or reputation. Additionally, if the Court were to adopt Plaintiffs' sweeping interpretation of the WPA—applying it any time a device copies texts—this would violate the dormant Commerce Clause. Finally, Plaintiffs' declaratory judgment and injunctive relief claims fail because they are not standalone claims.

**ARGUMENT**

**A. Plaintiffs Fail to State a Claim for Violation of the WPA.**

**1. Plaintiffs Fail to Allege Any Violation of the WPA By *Toyota*.**

Plaintiffs' Opposition fails entirely to address the fundamental flaw of the FAC—that *Toyota* is not alleged to engage in any interception or recording. The WPA makes it unlawful for any "individual, partnership, corporation, [or] association, . . ." to intercept or record a private communication without consent. RCW 9.73.030(1)(a). "Liability rests with the party recording or intercepting the conversation[.]" *Kearney v. Kearney*, 95 Wn. App. 405, 413 (1999). But Toyota here is not alleged to have "intercepted" or "recorded" anything. *See* Mot. at 14-15.

The FAC alleges that texts and call logs were copied and stored locally in the on-board memory of the Toyota vehicle *Goussev owns and possesses*. FAC ¶¶ 17-24. Plaintiffs do not allege that Toyota accessed or had possession of those texts or call logs, or that it is even capable of doing so. Instead, Plaintiffs speculate that, maybe, at some uncertain date, for some

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

unspecified reason, third parties—not Toyota—*might* extract this data from his infotainment system. *See, e.g.*, FAC ¶¶ 122-23. No court has ever held that a communication automatically copied onto a plaintiff's own device and never accessed by or in the possession of a third party constitutes WPA interception or recording *by the manufacturer or designer* of the device. Plaintiffs' allegations are plainly insufficient to state a WPA claim against Toyota.

Instead of alleging any actionable interception or recording by Toyota, Plaintiffs rely on Toyota's alleged role in *designing* infotainment systems. *See* Opp. at 20. But the WPA does not impose liability for designing (or marketing, selling, or distributing, *see* FAC ¶ 9) products—it applies only to a party that *itself* intercepts or records private communications. RCW 9.73.030(1)(a); *Kearney*, 95 Wn. App. at 413; *see also State v. Bilgi*, 496 P.3d 1230, 1237 (Wash. Ct. App. 2021) (holding that a messaging software was "incapable of intercepting a communication in violation of the [WPA]" because it was "computer software, not an actor with agency."). Plaintiffs can cite no authority holding otherwise.[1]

Plaintiffs' suggestion that Toyota waived this argument is baseless. The Motion specifically and distinctly raised this argument in Section D, titled "Plaintiffs Do Not Allege That Toyota Itself Violated the WPA," and supported it with citations to the FAC. Plaintiffs' cases on waiver are easily distinguishable.[2]

### 2. Plaintiffs' Claims Lack a Factual Basis.

Plaintiffs' FAC is replete with threadbare recitals of the elements of the WPA but lacks the necessary factual allegations to support claims against Toyota. The FAC therefore fails to

---

[1] Moreover, each of the "design" claims cited in Plaintiffs' Opposition relate to Berla, not Toyota. *See, e.g.*, FAC ¶¶ 35 (Berla stating that it "work[s] directly with the [original equipment manufacturers]") (alteration in original), 43-46 (Berla stating that its systems "support" various Toyota vehicles), 56 (Berla stating that "[i]f a driver uses the infotainment interface to 'delete' their device, that device information often remains in unallocated space and can be recovered"); *see also id.* ¶¶ 49-52, 81-83 (additional allegations regarding Berla).

[2] *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (finding waiver under Federal Rules of Appellate Procedure where party failed to raise an argument in their opening brief); *Cal. Pac. Bank v. FDIC*, 885 F.3d 560, 570 (9th Cir. 2018) (same); *Pulte Home Corp. v. TIG Ins. Co.*, 794 F. App'x 587, 589 (9th Cir. 2019) (same); *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, 2018 WL 11365567, at *7 (N.D. Cal. Nov. 27, 2018) (finding waiver where defendant argued collateral estoppel, but did "not address the elements of collateral estoppel or otherwise cite relevant authorities," and instead relied on cases regarding "judicial estoppel, a distinct doctrine").

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

meet basic pleading requirements and requires dismissal.[3] *See* Mot. at 1-2.

Plaintiffs disagree, arguing "precision" and "cited support" for allegations in the FAC. Opp. at 6. But of the FAC's 148 paragraphs, the only paragraphs containing potentially relevant allegations specific to Toyota are the four that allege that third-party Berla offers "support" for many Toyota and Lexus vehicles. FAC ¶¶ 43-46. Even these allegations do not render plausible the claims against Toyota since (a) they do not specify whether Goussev's vehicle is among the models supported by Berla, *see id.* ¶ 42, and (b) there is no detail as to what "support" means in this context, such as whether it would include extracting texts, *see, e.g. id.* ¶ 39 (describing various Berla capabilities). The other allegations Plaintiffs point to as Toyota-specific are either conclusory, *id.* ¶¶ 17-19, 21-23 (claiming recording and interception, but including no facts to explain how), or irrelevant, *id.* ¶¶ 20, 24-27 (describing deletion policies and acts of non-party Berla). And the claims in Plaintiffs' Opposition regarding when and how Toyota intercepted their texts are nowhere in the FAC. *Compare, e.g.*, Opp. at 12 (claiming without citing the FAC that inbound texts and "as-yet unread texts" "are . . . copied before they reach the intended, distant, recipient"), *with* FAC ¶ 101 (alleging only texts "downloaded and recorded onto onboard vehicle memory by his Toyota vehicle's infotainment system").

Because the FAC lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," it should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 3. Plaintiffs Do Not State a WPA Claim Because They Have Not Alleged Interception, Unlawful Recording, or Injury.

#### i. Call logs are not "communications" under the WPA.

Call logs, or "records of incoming and outgoing calls and call durations" (FAC ¶ 21) are not "communications" within the meaning of the WPA. *See* Mot. at 9-10; *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1129 (W.D. Wash. 2012) ("Without an individual on the

---

[3] Plaintiffs' Opposition supplies the wrong "no set of facts" standard, which has since been replaced by the *Iqbal/Twombly* "plausibility" standard. *See* Opp. at 5 (citing *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997)); *Jeffrey v. Foster Wheeler, LLC*, 2015 WL 1004687, at *1 n.2 (N.D. Cal. Mar. 2, 2015) ("*Gilligan* was decided years before *Iqbal* and *Twombly* and does not control over the pleading standards articulated in those cases.").

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

other end of [the] communication . . . the transmission of [plaintiff's] data cannot be considered a communication under the WPA.").

Plaintiffs claim that they are communications because "[t]he FAC alleges that Toyota installed a pen register in violation of RCW 9.73.260[.]" Opp. at 10. Not so. The FAC does not contain the term "pen register" and does not cite RCW 9.73.260. Plaintiffs' allegations regarding "pen registers," raised for the first time in opposition to Toyota's Motion, should be ignored. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers.").

Regardless, Goussev's infotainment system is not a pen register. A pen register is a "device that records or decodes electronic or other impulses that identify the numbers dialed or otherwise transmitted on the telephone line to which such device is attached[.]" RCW 9.73.260(1)(d). The FAC does not allege that Goussev's infotainment system "decodes" any "impulses" or that it is attached to a telephone line (as opposed to a telephone) or that the log is anything other than the log captured by the phone.

Moreover, the WPA prohibits individuals or entities from intercepting or recording any, "*[p]rivate communication* transmitted by telephone, telegraph, radio, or other device between two or more individuals . . . by any device . . . without first obtaining the consent of all the participants in the communication." RCW § 9.73.030(1). The Washington Supreme Court has indicated that the term "private conversation" should be construed within its "ordinary connotation of oral exchange, discourse, or discussion." *State v. Smith,* 85 Wn.2d 840, 846-47 (1975) (finding that a tape recording did not intercept a private conversation under § 9.73.030(1) because the sounds of gunfire, running, and shouting were not an oral exchange, discourse, or discussion). In this context, respectfully, the Northern District of California reached the wrong decision in *Carrier IQ* when it suggested that phone numbers could constitute communications

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

under the WPA. *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1093 (N.D. Cal. 2015). Construing the word "conversation" to include a call log strays too far from the statute's ordinary meaning.

### ii. Plaintiffs do not allege interception.

No court has held that an unpossessed, unseen communication stored on a plaintiff's own property has been intercepted for purposes of the WPA. This Court should decline to do so here.

To intercept under the WPA means "to 'stop . . . before arrival . . . or interrupt the progress or course.'" *State v. Roden*, 179 Wn.2d 893, 904 (2014) (alterations in original).[4] Plaintiffs allege that Goussev's infotainment system, which was owned by and in Goussev's possession at all relevant times, downloaded and created copies of his texts and call logs. *See, e.g.*, FAC ¶ 101. They do not allege that his infotainment system stopped before arrival or interrupted the course of any texts, so they have not alleged interception. *See* Mot. at 10-11.

Plaintiffs argue that the Washington Supreme Court's definition in *Roden* is not the "final word" on what constitutes interception (Opp. at 13), but they do not cite any cases applying a different definition that would support their position. And courts have applied *Roden* as recently as last year. *See Bilgi*, 496 P.3d at 1236; *Kleiser v. Chavez*, No. 3:20-CV-6079-BJR, 2021 WL 5761644, at *11 (W.D. Wash. Dec. 3, 2021)).

Plaintiffs also argue that the FAC's allegations of "instantaneous" transmission of texts and call logs from phone to vehicle create scenarios that meet the definition of interception under *Roden*. *See* Opp. at 16. None of these scenarios are alleged in the FAC, and they should be disregarded for that reason alone. But even if the Court considered each permutation of sending and receiving texts through an infotainment system, it would find no interception:

- Where ***Goussev receives a text then connects his phone to his vehicle*** (*id*. at 11), there is no interception because the text is allegedly "copied" only after receipt and its progress is not stopped or interrupted under *Roden*.

- Where ***Goussev receives a text while his phone is connected to his vehicle*** (*id*. at 11-12), there is no interception because the text is received first by phone, then copied to the infotainment system, so its progress is not stopped or interrupted under *Roden*. Despite

---

[4] Plaintiffs characterize this as a "partial" definition but this is the entirety of the definition adopted in *Roden*.

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

the allegation of "instantaneous" copying (FAC ¶¶ 18, 22) Plaintiffs have not alleged that the infotainment system is capable of *independently* receiving texts itself, so texts must still be received by the phone first—however fast they are later copied to the system.

- Where ***Goussev sends a text then connects his phone to his vehicle*** (Opp. at 12), there is no interception because the text is "copied" only after it is sent and its progress is not stopped or interrupted under *Roden.*

- Where ***Goussev sends a text while his phone is connected to his vehicle*** (*id.*), there is no interception because there is no allegation that this copy, even if made "instantaneously," stops or interrupts the progress of the transmission of the text from Goussev's phone to the recipient.

Thus, under every scenario, Plaintiffs plead only the copying of sent or received messages, which is not interception under the WPA.[5] *See Roden*, 179 Wn.2d at 904.

Plaintiffs also attempt to avoid dismissal by distinguishing between read and unread texts, claiming that copying texts that have not been read meets the standard for interception under *Roden.* Opp. at 16. This distinction makes no sense in practice, since it would depend completely on the subjective actions of the texting parties. But even if it did and the FAC alleged that Goussev's infotainment system created copies of texts before they were *read* by the recipients (it does not), Plaintiffs still cannot plead interception. Unlike in *Roden*, where a police officer read texts on a criminal defendant's phone before they were read by the intended recipient, the FAC does not allege that *anyone* else has accessed or read Goussev's texts on the car Goussev owns—ever. There can be no "stopping" or "interruption" without access.[6]

In a final effort to resuscitate their "interception" claims, Plaintiffs point to two cases—*Faford* and *Christensen*—each decided a decade or more before *Roden*, and neither addressing written communications. *See* Opp. at 13-14. Both should be disregarded given the Washington Supreme Court's later clarification of the word "intercept." *See Roden*, 179 Wn.2d at 904.

---

[5] Moreover, it would be absurd to construe the WPA to prohibit back-end copies of texts on connected devices in some of these scenarios, but not others. *State v. Keller*, 143 Wn.2d 267, 277 (2001) (citation omitted) (holding that "[t]he court must [] avoid constructions that yield unlikely, strange or absurd consequences").

[6] For the same reason, it does not matter whether interception can occur as to texts stored on a device that have been read by the recipient. *See* Opp. at 12 (discussing this unresolved question from *Roden*).

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

### iii. Plaintiffs do not allege recording.

Plaintiffs do not dispute that "Washington courts have held that a person impliedly consents to the recording of their communications on an electronic device when they communicate through e-mail, text messaging, and some online instant messaging software." *Bilgi*, 496 P.3d at 1236 (citing *State v. Townsend*, 147 Wn.2d 666, 675-77 (2002)); Mot. at 11 (collecting cases).[7] That ends the inquiry. Because Plaintiffs impliedly consented to the recording of their texts, the FAC fails to plead actionable recording.

Plaintiffs argue that the cases discussing this rule all involved making copies "through the normal operation of the same software and hardware system [] used to send the communication." Opp. at 18. They claim that this case is different because the copy made by Goussev's infotainment system was permanent and inaccessible and involved technology that is less well-known. *Id.* But, as Plaintiffs admit, "a person sending a text in 2021 recognizes that the recipient might access the text using something other than a cell phone." *Id*. Infotainment systems, which are ubiquitous and enable safer communications while in a vehicle, are no exception.[8]

Moreover, a "copy" of a written communication is not a "recording" of it and is not actionable. *See* FAC at ¶¶ 17-24. The language of the WPA confirms this plain language interpretation: RCW 9.73.030(1) addresses the recording of a "[p]rivate communication transmitted by telephone, telegraph, radio, or other device *between* two or more individuals *between points* within or without the state . . ." (emphasis added); *see also* Mot. at 9. Thus, a

---

[7] *See also State v. Glant*, 13 Wn. App. 2d 1010, at *3 (2020) ("A person also consents by choosing to communicate through a device in which the person knows the information will be recorded."); *State v. Racus,* 7 Wn. App. 2d 287, 299-300 (2019), *rev. denied*, 193 Wn.2d 1014 (2019) (by communicating via email and text, defendant "impliedly consented to the communications being recorded, and thus, the recording of the communications was lawful under RCW 9.73.030(1)(a)"); *State v. Fairley*, 12 Wn. App. 2d 315, 319, n.2 (2020), *rev. denied*, 195 Wn.2d 1027 (2020) ("[C]ellular text messages, which are, of course, always recorded upon receipt on the recipient's phone."); *State v. Patel*, 147 Wn. App. 1053, at *3 (2008), *aff'd*, 170 Wn.2d 476 (2010) ("[A] party is deemed to have impliedly consented to the recording of electronically transmitted communications, such as e-mail or instant messages, where that party is sufficiently familiar with the technology or program used to transmit the conversation to be on notice that the conversation might be recorded by another party.") (disapproved of on other grounds, *State v. Johnson*, 173 Wn.2d 895, 904 (2012)).

[8] Plaintiffs' observation (Opp. at 19) that Toyota has not proffered a privacy policy or terms of service to establish express consent is irrelevant given (a) there is implied consent, and (b) Plaintiffs have steadfastly refused to provide Toyota with the VIN needed to identify any applicable disclosures and consents. *See* Mot. at 8 n.6.

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

recording occurs *between points*—not after the communication has already reached its destination—here, Goussev's phone. *See Townsend*, 147 Wn. 2d at 676 ("A person sends an e-mail message with the expectation that it will be read *and perhaps printed* by another person.") (emphasis added); *Bilgi*, 496 P.3d at 1236 ("When the sender of a written electronic message impliedly consents to the message's recording, they bear the risk that the intended recipient will *share the message with others*") (emphasis added); *State v. Glant*, 13 Wn. App. 2d 356, 365-66 (2020) ("When a person sends e-mail or text messages they do so with the understanding that the messages would be available to the receiving party for *reading or printing*.") (emphasis added); *Allen v. Zonis*, 6 Wn. App. 2d 1045, at *7 (2018) (declining to hold that "reading or reviewing stored communications that had already been received by the intended recipient" constitutes "recording"). Plaintiffs contend that there is little case law addressing the recording of written communications, but in fact a near-dozen cases hold that text and email communicants impliedly consent to recording. Plaintiffs fail to cite any case articulating *any other* interpretation of the term "recording" under the WPA.

At bottom, Plaintiffs urge the Court to disregard the text of the WPA and hold that already-recorded communications may be again recorded for purposes of the WPA because of "common sense" and because "myriad cases" under the WPA "draw no distinction between initial records of calls, emails, texts, or instant messages and subsequent copies." Opp. at 17, 10-13. But Plaintiffs' "common sense" definition of "recording" would render every screenshot of a text or email a violation of the WPA. This defies common sense and, as Plaintiffs acknowledge, "[t]he court must [] avoid constructions that yield unlikely, strange or absurd consequences." *Keller*, 143 Wn.2d at 277 (citation omitted). As to the "myriad cases" that do not distinguish between initial recordings and copies, Plaintiffs do not cite a single one that found actionable recording where the communication was already in written form.

        **iv.**    **Plaintiffs do not plausibly allege injury under the WPA.**

The WPA provides a private right of action only to individuals "claiming that a violation

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

of this statute has *injured his or her business, his or her person, or his or her reputation*." RCW 9.73.060 (emphasis added). In addition, only a "person *so injured*" is entitled to statutory or liquidated damages under that provision. *Id.* (emphasis added). Based on this plain language, courts have held that a plaintiff must allege injury to one's business, person, or reputation to recover under the WPA. *See Streamline Bus. Grp., LLC v. Vidible, Inc.*, 2016 WL 3523033, at *8 (E.D. Pa. June 27, 2016); *Brinkley v. Monterey Fin. Servs.*, LLC, 340 F. Supp. 3d 1036, 1045 (S.D. Cal. 2018). While Plaintiffs argue that the WPA does not require injury (Opp. at 14), they do not even attempt to distinguish these cases, nor do they cite any case allowing WPA claims to proceed without an alleged injury. The statute's use of the word "claiming" does not change the result (*see* Opp. at 9) since it is clear from the statute's subsequent remedial provision that relief is limited to persons who are "so injured."

Unable to establish that injury is not required, Plaintiffs alternatively argue that they have met the WPA's injury requirement by alleging an injury-in-fact for purposes of Article III. *See* Opp. at 10-13. But Article III injury and the WPA's injury requirement are separate concepts. Toyota does not dispute that Plaintiffs have alleged a cognizable injury for standing under Article III (indeed, Toyota removed this case). What Toyota disputes is whether Plaintiffs have met the higher bar to establish *statutory* standing under the WPA—which requires personal, monetary, or reputational injury. RCW 9.73.060. None of the cases Plaintiffs cite address the WPA's injury requirement.

To satisfy Article III's injury-in-fact requirement, "plaintiff's injury in fact [must] be concrete—that is, real, and not abstract." *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (cleaned up). A "cognizable intangible harm"—like the privacy harms alleged in the FAC—is often enough to remain in federal court. *Id.* at 2206. But Toyota is unaware of any court ever having held that *Article III* is the standard to apply when evaluating injury under the WPA, nor do Plaintiffs supply any such authority. To the contrary, federal courts regularly dismiss WPA claims in similar circumstances where the plaintiffs failed to plead injury to their person,

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

property, or reputation. *See Streamline*, 2016 WL 3523033, at *8 (dismissing WPA claims on statutory grounds while retaining federal jurisdiction); *Brinkley*, 340 F. Supp. 3d at 1045 (rejecting argument that the "privacy inherent in the unauthorized recording of an individual's conversation satisfies the personal injury requirement of [the WPA]" while retaining federal jurisdiction); *Russo v. Microsoft Corp.*, No. 4:20-cv-04818-YGR, 2021 WL 2688850, at *3 n.3 (N.D. Cal. June 30, 2021) (describing WPA injury requirement as "addition[al] to" Article III's injury requirements and dismissing claim on both grounds). The *only* "intangible" harm that supports recovery of damages *under the WPA* is harm to one's reputation, which is not alleged in the FAC. Having failed to allege physical, monetary, or reputational harm, as required by the statute, Plaintiffs' WPA claim must be dismissed.

Plaintiffs' remaining injury arguments are equally unavailing. Toyota does not argue that "dissemination" is required to state a WPA claim. *See* Opp. at 7. But failure to allege dissemination is relevant, not because it is an element of the claim, but because Plaintiffs have alleged no means—through dissemination or otherwise— through which their person, property, or reputation *could* have been injured. No one—including Toyota—is alleged to have seen Plaintiffs texts or call logs, and the mere copying of this data to a car that Goussev himself owns does not give rise to personal, monetary, or reputational injury.

Plaintiffs also claim they have Article III standing based on purported copyright violations. But, again, Article III standing is irrelevant and, in any case, Plaintiffs did not plead copyright infringement in the FAC, and they cannot do so now. *See Hopkins v. Wash. State Special Commitment Ctr.*, No. C15-5554-BHS, 2016 WL 3364933, at *1 (W.D. Wash. June 17, 2016). Nor do Plaintiffs even attempt to explain how making copies of texts on Goussev's own vehicle amounts to a copyright violation *by Toyota*. Plaintiff has not satisfied the WPA's injury requirement.

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

### 4. The WPA Would Violate the Dormant Commerce Clause if Interpreted as Urged by Plaintiffs.

If the "practical effect" of a state statute is "to control conduct beyond the boundaries of the State," the statute is void under the dormant Commerce Clause. *Healy v. Beer Inst., Inc.*, 491 U.S. 324 at 335-37 (1989). The practical effect of the WPA, *as plaintiffs would apply the statute*, is just that: Because there would be no feasible way for Toyota to ascertain whether a vehicle might make its way into Washington, it would be forced to ensure that *all* of its vehicles—wherever manufactured, distributed, or sold—comply with Plaintiffs' reading of the WPA. This is a paradigmatic dormant Commerce Clause violation. If applied as Plaintiffs urge, the WPA would become a "policy for the entire Nation," with Washington "impos[ing] its own policy choice on neighboring States." *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 571 (1996).

None of Plaintiffs' attempts to sidestep this outcome are persuasive. Plaintiffs claim it is not their intent to "regulate or seek a remedy for any conduct that takes place outside the state." Opp. at 21. But in seeking to hold *Toyota* liable under the WPA, they would do just that—even if their claims are narrowed to "interceptions and recording that occur within the state of Washington." [9] *Id.* at 22. None of Toyota's alleged activities marketing, selling, and distributing vehicles (¶¶ 9, 17-24) are alleged to have occurred in Washington. Thus, unlike *Nat'l Pork Producers Council v. Ross*—the sole case cited by Plaintiffs, which involved certification requirements for out-of-state pork sellers—Toyota's conduct could take place "wholly out of state" yet result in violations of the WPA. 6 F.4th 1021, 1029 (9th Cir. 2021), *petition for cert. docketed*, No. 21-468 (Sept. 29, 2021).

Plaintiffs contend that the WPA, as applied here, does not regulate out-of-state commerce because *other states* may prohibit interception and recording, too. Opp. at 22-23. But Plaintiffs do not claim that all states do so in a manner consistent with the WPA, nor could they. To the contrary, Plaintiffs repeatedly emphasize that the statute "is *one of the most restrictive in the*

---

[9] Although Plaintiffs' proposal to narrow their claims to "interceptions and recording that occur within the state of Washington" (Opp. at 22) does not solve their dormant Commerce Clause problem, it does call into question how the location of an interception or recording could conceivably be determined on a classwide basis.

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

*nation.*" *See id.* at 1 (emphasis added), 4 ("RCW 9.73 . . . extends considerably greater protections . . . than do comparable federal statutes[.]"). Relying on these representations as to the uniquely protective nature of the WPA, Plaintiffs seek to apply the statute as it has never before been applied—to texts and call logs allegedly stored in the on-board memory of infotainment systems owned by the Plaintiffs. But *no* state has ever done this, so Plaintiffs' suggestion that other states similarly forbid the conduct alleged is baseless. *Id.* at 21.

If the WPA were to be applied as Plaintiffs urge, Toyota would be required to comply with "one of the most restrictive electronic surveillance laws" *nationwide*, wherever its vehicles are manufactured, sold, or distributed, due to the possibility that even one vehicle might make its way into Washington. *Compare Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 961 (N.D. Cal. 2006) (finding dormant Commerce Clause "not necessarily implicated" by California law requiring websites to be accessible to blind persons because "Target could choose to make a California-specific website"), *with NCAA v. Miller*, 10 F.3d 633, 639 (9th Cir. 1993) (finding dormant Commerce Clause violation where statute would "force" the NCAA "to regulate the integrity of its product in every state according to" Nevada's laws).

### B. Plaintiffs Fail to State a Claim for Declaratory and Injunctive Relief.

Plaintiffs fail to offer any facts or controlling case law to support their declaratory and injunctive relief claims. Courts in *this district* routinely dismiss such claims on the grounds that they are remedies, not causes of action. *See* Mot. at 17-18 (collecting cases); *see also Ajetunmobi v. Clarion Mortg. Cap., Inc.,* 595 F. App'x 680, 684 (9th Cir. 2014) ("Declaratory and injunctive relief are remedies, not causes of action."). These claims should be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, Toyota respectfully requests that the Court grant its motion in its entirety and dismiss this case with prejudice.

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000

| | | |
|---|---|---|
| 1 | Dated: January 28th, 2022 | By: s/ *Nicola C. Menaldo* |
| 2 | | Nicola C. Menaldo, WSBA No. 44459 |
| | | Lauren J. Tsuji, WSBA No. 55839 |
| 3 | | **Perkins Coie LLP** |
| | | 1201 Third Avenue, Suite 4900 |
| 4 | | Seattle, Washington 98101-3099 |
| | | Telephone: 206.359.8000 |
| 5 | | Facsimile: 206.359.9000 |
| | | NMenaldo@perkinscoie.com |
| 6 | | LTsuji@perkinscoie.com |
| 7 | | James G. Snell (admitted *pro hac vice*) |
| | | **Perkins Coie LLP** |
| 8 | | 3150 Porter Drive |
| | | Palo Alto, California 94304-1212 |
| 9 | | Telephone: 650.838.4300 |
| | | Facsimile: 650.838.4350 |
| 10 | | JSnell@perkinscoie.com |
| 11 | | *Attorney for Defendant* |
| | | *TOYOTA MOTOR SALES, U.S.A., INC.* |

TOYOTA'S REPLY ISO MOTION TO DISMISS
(3:21-cv-05708-DGE) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000